**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DIANE ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., a New Jersey corporation;<br>DAVOL INC., a Rhode Island corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA 08 010 ML<br><br>Civil Action No.: ____________ |

**NOTICE OF REMOVAL**

Defendants C.R. Bard, Inc. and Davol Inc. ("Defendants"), by their undersigned counsel, hereby removes the above-captioned matter from the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island, to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island, on December 24, 2007. Neither Bard nor Davol have been served with a copy of the Complaint or any state process.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants have not been served with a copy of the Complaint. *See* Att. A (copy of all process, pleadings, and orders). Removal is thus timely since it is prior to 30 days from the date of service.

4. Venue is proper. The Superior Court of Rhode Island, Providence/Bristol County, Rhode Island is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that Plaintiff is a resident of the Commonwealth of Virginia. *See* Compl. ¶ 1.

10. Davol is, and has been at all relevant times, a corporation incorporated under the law of the State of Rhode Island with its principal place of business in Rhode

Island as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol is not a citizen of the State of Missouri.

11. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Bard is not a citizen of the State of Missouri.

**B. The amount in controversy requirement is satisfied.**

12. Plaintiffs allege that they suffered injuries as a result of treatment with Davol's prescription medical device the Composix ® Kugel Patch. The Complaint seeks compensatory and punitive damages, together with attorneys' fees and all such other relief as the Court deems necessary. Based on other cases making similar allegations, plaintiffs' Complaint clearly seeks damages in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In fact, a number of suits alleging similar claims and seeking similar damages have been filed in other federal courts asserting jurisdiction under § 1332(a). Pursuant to 28 U.S.C. § 1407, these cases have been or will be consolidated in a multidistrict litigation captioned *In Re: Kugel Hernia Mesh Patch Products Liability Litigation*, No. MDL 1842, now pending in the United States District Court for the District of Rhode Island.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Rhode Island, Providence/Bristol County, Rhode Island to this Court pursuant to 28 U.S.C. § 1441.

Date: January 8, 2008

Respectfully submitted,

BY: ______________________________

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morrison Mahoney LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel. (401) 331-4660
Fax (401) 351-4420

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2008, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

David Macari
Law Offices of David Macari
1285A S. County Trail
East Greenwich, RI 02818

*via first-class, postage prepaid, mail*

______________________________